IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH SHORT, JR.,

*Plaintiff,*

vs.

Case No. 16-1317-EFM

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Kenneth Short, Jr. seeks review of a final decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits and supplemental security income under Titles II and Title XVI of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred (1) in assessing Plaintiff's residual functioning capacity ("RFC") because he did not include all of Plaintiff's limitations, and (2) in finding that Plaintiff was not entirely credible. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

I.   **Factual and Procedural Background**

Plaintiff Kenneth Short, Jr. was born on February 8, 1972. On November 16, 2012, Plaintiff protectively applied for disability and disability insurance benefits. On November 21, 2012, Plaintiff protectively filed for supplemental security income. In both applications, he

alleged that his disability began on October 26, 2012. Plaintiff's application was denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

ALJ James Harty conducted an administrative hearing on October 20, 2014. Plaintiff was represented by counsel, and he testified about his medical conditions. The ALJ also heard from a vocational expert.

On January 15, 2015, the ALJ issued his written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Plaintiff suffered from bipolar disorder with psychotic features and anxiety disorder. The ALJ determined that Plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ stated that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple tasks, that are not performed in a fast-paced production environment, or as an integral part of a team, which involve only simple work-related decisions, and, in general, relatively few workplace changes. The claimant can tolerate occasional interaction with supervisors, co-workers, and the general public.

The ALJ then determined that Plaintiff was unable to perform any of his past relevant work. However, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could still perform. Thus, the ALJ concluded that Plaintiff had not been under a disability from October 26, 2012 through the date of his decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request on June 13, 2016. Accordingly, the ALJ's January 2015 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if he can "establish that []he has a physical or mental impairment which prevents h[im] from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that []he is unable to perform h[is] past relevant work, and

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

further cannot engage in other substantial gainful work existing in the national economy, considering h[is] age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists

---

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

### III. Analysis

Plaintiff alleges that the ALJ erred (1) in assessing Plaintiff's RFC because he did not include all of Plaintiff's limitations, and (2) in finding that Plaintiff was not entirely credible. With regard to Plaintiff's first contention, he specifically states that the ALJ erred because his RFC is not consistent with all of the limitations that nurse practitioner Erin Burns included in a Medical Source Statement. Alternatively, Plaintiff contends that even if the ALJ did not err in excluding the moderate limitations assessed by Burns, the ALJ nevertheless erred in discounting the marked limitations that Burns assessed.

As an initial note, Burns, as a nurse practitioner, is not an acceptable medical source.[14] Only an accepted medical source, such as a licensed physician, can give a medical opinion.[15] An ALJ may use evidence, however, from an "other source," such as a nurse practitioner, as it "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."[16]

---

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id*.

[14] SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006).

[15] *See* 20 C.F.R. §§ 404.1513(a)(2) and 416.913(a)(2); SSR 06-03p, 2006 WL 2329939, at *2.

[16] SSR 06-03p, 2006 WL 2329939, at *2.

Here, the ALJ gave Burns' opinion some weight, but he did not accept it all. Specifically, the ALJ stated

> The undersigned has given some weight to the opinion of the claimant's psychiatric nurse practitioner, Erin Burns, APRN (Exhibit 15F). Nurse Burns completed an assessment of the claimant's mental functioning on September 16, 2014, in which she opined the claimant has mostly moderate impairment, but is markedly impaired in his ability to maintain extended concentration and complete a normal workday without interruption from psychological symptoms. This assessment is generally consistent with the above residual functioning capacity assessment, which limits the claimant to performing simple tasks that involve limited social interaction. The undersigned notes, however, that Nurse Burns' assessment is somewhat limited as she responded "unknown" in ten areas of workplace functioning. The undersigned also notes that the marked impairment opined to by Nurse Burns is not well-supported by the claimant's treatment records, which contain generally good mental status findings, and reflect a good response to medication. Accordingly, the undersigned has given less than full weight to Nurse Burns' opinion.

Plaintiff argues that the ALJ seemingly did not take into account all the moderate limitations that Burns checked on a form regarding Plaintiff's limitations. Again, it is worth noting that Burns is not an accepted medical source and that the ALJ stated that he was only giving *some* weight to Burns' opinion. In addition, the ALJ stated that his RFC generally reflected Burns' opinion on Plaintiff's moderate limitations. An ALJ is not required to "expressly incorporate these moderate limitations in the assessment of [RFC]."[17] Instead, an ALJ can take into account moderate limitations by limiting the claimant to limited work with low complexity.[18] In this case, the ALJ seemed to do just that. His RFC limited Plaintiff to a slow-paced work environment with simple work-related decisions, few workplace changes, and only occasional contact with other individuals.

---

[17] *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (citing *Lee v. Colvin*, 631 F. App'x 538, 541-42 (10th Cir. 2015)).

[18] *Id.*

In addition, the ALJ noted two other accepted medical source opinions and stated that he gave some weight to these opinions. Both of these individuals opined that Plaintiff was limited to simple work, and the ALJ noted that this conclusion was well-supported by evidence in the record. Thus, the ALJ's RFC assessment appears to have adequately incorporated moderate limitations and was reflective of the evidence before him.

With regard to Plaintiff's alternative argument and complaint that the ALJ improperly discounted his marked impairments (as stated by Burns), the Court again notes that the ALJ's reasoning is supported by substantial evidence. The ALJ specifically notes that Burns' assessment on the marked impairments was not well-supported by treatment records, which the ALJ had previously gone through and summarized. Accordingly, the Court finds that the ALJ's RFC assessment was supported by substantial evidence.

As to Plaintiff's argument that the ALJ erred in not finding him entirely credible, "[c]redibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[19] Recognizing that "some claimants exaggerate symptoms for the purposes of obtaining government benefits,"[20] an ALJ's credibility determinations are generally treated as binding on review.[21] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[22] However, notwithstanding the deference generally given to an ALJ's

---

[19] *Wilson*, 602 F.3d at 1144 (internal quotation marks and citation omitted).

[20] *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987).

[21] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[22] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) (citation omitted).

credibility determination, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[23]

Here, Plaintiff takes issue with one aspect of the ALJ's credibility determination and states that "it appears that the cornerstone of [the ALJ's] analysis rested on an incorrect assumption that, with medication, [Plaintiff's] condition stabilized." The ALJ stated that he did not find Plaintiff entirely credible regarding "intensity, persistence and limiting effects" of his symptoms. He then stated that he came to that conclusion for the reasons explained in his decision. One factor that the ALJ relied upon was that Plaintiff's psychotic symptoms appeared to improve with medication. The ALJ noted that Plaintiff himself denied further mania or anxiety and that Plaintiff stated that he had been able to recognize that his paranoid thoughts were not real. The ALJ also went through Plaintiff's treatment records regarding his mood and psychotic instability and noted that his symptoms have improved over time. Furthermore, the ALJ noted that although it was "certainly credible that the claimant's occasional psychotic symptoms would result in some difficulty maintaining concentration and focus, the claimant would appear to have the mental capacity to perform simple, routine, tasks that are consistent with the above [RFC] assessment." In short, the ALJ took into account Plaintiff's statements but deemed them to be not entirely credible as to how limiting his disability was.

As noted above, this Court's job is not to reweigh the evidence or substitute its judgment for that of the Commissioner.[24] Instead, the Court must review the record to determine if substantial evidence supports the ALJ's decision and whether the ALJ sufficiently articulated the

---

[23] *Wilson*, 602 F.3d at 1144 (internal quotation marks and citation omitted).

[24] *Bowman*, 511 F.3d at 1272 (citation omitted).

reasons to provide for meaningful review.[25] In this case, the Court finds that the ALJ cited to substantial evidence in the record and more than adequately explains and links the RFC assessment to that evidence. In addition, the ALJ's credibility determination is supported by substantial evidence.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[25] *Lax*, 489 F.3d at 1084.